No. 24-1492

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

---

National Wildlife Refuge Association, *et al.*,

Plaintiffs-Appellees,

v.

Rural Utilities Service, *et al.*,

Defendants-Appellees.

v.

ITC Midwest LLC, *et al.*,

Intervening Defendants-Appellants.

_____

**On Appeal from the United States District Court
for the Western District of Wisconsin
The Honorable William M. Conley, Judge
Case No. 3:24-cv-00139-wmc**

---

**Plaintiffs-Appellees' Motion to Dismiss Intervening Defendants-Appellants'
Appeal of Preliminary Injunction Orders or for Summary Disposition of the
Appeal on an Expedited Basis**

---

Pursuant to Federal Rule of Appellate Procedure 27, Plaintiffs-Appellees

National Wildlife Refuge Association, Driftless Area Land Conservancy, and

Wisconsin Wildlife Federation (collectively, "Conservation Groups") move to

dismiss the appeal filed by Intervening Defendants-Appellants ITC Midwest

LLC and Dairyland Power Cooperative (together "Transmission Companies") on

April 26, 2024, (Doc. 22) on grounds that summary disposition of the appeal

already has occurred or should occur. The Conservation Groups request that the

Court consider this motion on an expedited basis because their response brief is

otherwise due to be filed on May 28, 2024, which appears unnecessary in light of

this Court's May 2, 2024 Order. (Doc. 27).

The Transmission Companies' appeal is of the district court's March 21 and

March 25, 2024 Orders granting a preliminary injunction. On May 2, 2024, this

Court entered an order staying the effectiveness of the preliminary injunction

granted by the district court. (Doc. 27). By its terms, the May 2 Order states that

those district court orders, dated March 21 and March 25, 2024, did not comply

with the required factors in *Winter v. Natural Resources Defense Council, Inc.*, 555

U.S. 7, 20 (2008). (Doc. 27 at 2). As a result, appellee Conservation Groups'

briefing would be on an appeal for which summary disposition has occurred

already.

Transmission Companies' appeal requests that this Court reverse and vacate

the district court's March 21, 2024 and March 25, 2024 orders granting

Conservation Groups' preliminary injunction motion. *See Nat'l Wildlife Refuge*

*Ass'n v. Rural Utils. Serv.*, Case: 3:24-cv-00139-wmc, Doc. 60 (W.D. Wis. March 21,

2024*); Nat'l Wildlife Refuge Ass'n v. Rural Utils. Serv.*, 2024 U.S. Dist. LEXIS 53509 (W.D. Wis. Mar. 25, 2024), *motion for stay pending appeal denied*, 2024 U.S. Dist. LEXIS 76854 (W.D. Wis. Apr. 26, 2024); Brief of Intervening Defendants-Appellants (Doc. 22). Thereafter, on April 26, 2024, the district court entered an order denying the Transmission Companies' motion to stay the preliminary injunction's effectiveness. (Doc. 19-2).

On May 2, 2024, this Court entered an order, which makes clear that the district court's preliminary injunction orders are not or will not be affirmed. This Court states: "Neither the [district court's] opinion supporting the injunction or the opinion declining to stay the injunction's effectiveness finds that plaintiffs are likely to succeed on their claim that the land exchange is unlawful." May 2 Order at 2. This Court further states that the factors set forth by the Supreme Court for granting a preliminary injunction in *Winter* "are not optional," and that "the absence of a finding that the plaintiffs are 'likely to succeed on the merits' precludes entry of a preliminary injunction" by the district court. *Id*. Additionally, this Court finds, "[n]or did the district court make any independent findings about the plaintiffs' probability of success." *Id*. at 2.

Given the clarity of this Court's May 2 Order, it is essentially a summary disposition of the Transmission Companies' appeal of the district court's preliminary injunction orders. This Court "may summarily decide an appeal

3

when the motion papers, in conjunction with the record and the district court's opinion, show the appropriate disposition of the appeal with sufficient clarity that a call for briefs would be nothing but an invitation for the parties to waste their money and the court's time." Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit (2020 ed.), Section IX.B at 102. Indeed, as this Court has held, "summary disposition is a useful and common procedure in this and every other appellate court." *Mather v. Vill. of Mundelein*, 869 F.2d 356, 357 (7th Cir. 1989) (noting "[a]bout one-third of all appeals filed in the Seventh Circuit are decided without briefing, often on jurisdictional grounds but occasionally on the merits.") (citation omitted). Summary disposition is appropriate in this Court's view "when a recent appellate decision directly resolves the appeal." *United States v. Fortner*, 455 F.3d 752, 754 (7th Cir. 2006).

Here, this Court's own May 2 Order directly resolves Transmission Companies' appeal. As a result, this is exactly an instance in which this Court already has opined on the appeal "with sufficient clarity that a call for briefs would be nothing but an invitation for the parties to waste their money and the court's time." *Mather*, 869 F.2d at 357. As this Court has held, "It is gratuitous cruelty to put counsel through the exercise of writing briefs (and clients to the

expense of paying for them) when the outcome is foredoomed." *Id.*; *see also* 2A Federal Procedure, Lawyers' Edition, Section 3:721 (March 2024).

Alternatively, or in addition, Transmission Companies' appeal is moot in light of this Court's May 2 Order. As this Court has held, "[a]n appeal should be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant any effectual relief whatever in favor of the appellant." *In re Bullock*, 986 F.3d 733, 738 (7th Cir. 2021) (quoting *Dorel Juvenile Grp., Inc. v. DiMartinis*, 495 F.3d 500, 503 (7th Cir. 2007)).

Conservation Groups respectfully seek expedited—or, immediate—action on this motion so that they need not prepare their appellate brief, currently due on May 28, 2024.[1] As a matter of course, a motion to dismiss an appeal not by agreement, as is the case here, will be reviewed by a staff attorney, in recognition that it may require immediate action. United States Court of Appeals for the Seventh Circuit Operating Procedures Rule 1(c). Conservation Groups respectfully request the motion be taken to the motions judge, rather than wait 14 days for a response to be filed before taking the motion to the motions judge or panel.

---

[1] Conservation Groups further note that the Federal Defendants filed a letter on May 1, 2024, informing this Court that they do not intend to file a brief by May 28, 2024. (Doc. 25). Federal Defendants' letter and intention not to file a brief regarding the Transmission Companies' appeal supports that further briefing would be futile and not assist this Court in resolving the Transmission Companies' appeal of the March 21 and 25 preliminary injunction orders.

For the foregoing reasons, Conservation Groups respectfully request the Court grant this expedited motion to dismiss the Transmission Companies' appeal of the district court's March 21 and March 25 preliminary injunction orders.


Dated: May 15, 2024                    Respectfully submitted,


                                       */s/ Howard A. Learner*
                                       Howard A. Learner
                                       Daniel Abrams
                                       Environmental Law & Policy Center
                                       35 East Wacker Drive, Suite 1600
                                       Chicago, IL 60601
                                       (312) 673-6500
                                       hlearner@elpc.org
                                       dabrams@elpc.org

                                       *Attorneys for Plaintiffs-Appellees*
                                       *National Wildlife Refuge Association,*
                                       *Driftless Area Land Conservancy, and*
                                       *Wisconsin Wildlife Federation*

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally-spaced typeface using Microsoft Word in 13-point Book Antiqua.


DATED: May 15, 2024


SIGNED:     */s/ Howard A. Learner*
Howard A. Learner
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
hlearner@elpc.org

*Attorney for Plaintiffs-Appellees*
*National Wildlife Refuge Association,*
*Driftless Area Land Conservancy, and*
*Wisconsin Wildlife Federation*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


DATED: May 15, 2024

SIGNED:     */s/ Howard A. Learner*
Howard A. Learner
Environmental Law & Policy Center
35 East Wacker Drive, Suite 1600
Chicago, IL 60601
(312) 673-6500
hlearner@elpc.org

*Attorney for Plaintiffs-Appellees*
*National Wildlife Refuge Association,*
*Driftless Area Land Conservancy, and*
*Wisconsin Wildlife Federation*